IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN FLOYD ULLRICH,           ) | |
| ) | |
| Plaintiff,        ) | Case No. CV05-340-S-LMB |
| ) | |
| vs.                                                  ) | **ORDER** |
| ) | |
| STATE OF IDAHO, SUPREME       ) | |
| COURT, DISTRICT COURT OF       ) | |
| IDAHO-- CANYON COUNTY,          ) | |
| et al.,                                              ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

Pending before the Court are the following motions: (1) Plaintiff's Petition for Compulsion (Docket No. 9); (2) Plaintiff's Requests for Admission (Docket No. 10); (3) Plaintiff's Motion for Inventory (Docket No. 11); and (4) Plaintiff's Motion to Attach Additional Injunctive Relief Request (Docket No. 15).

The Court has determined that the pending motions are without merit and will be denied. Plaintiff will be instructed to refrain from filing any further post-dismissal motions in this action.

I.

BACKGROUND

Plaintiff filed his Complaint against the following Defendants: "State of Idaho, Supreme Court" and the "District Court of Idaho – Canyon County." *Complaint*, p. 1-2.

**ORDER  1**

Plaintiff alleged that his constitutional rights were violated when a prosecutor committed fraudulent actions in his criminal case.  He claimed that he tried to file a criminal complaint against the prosecutor, but the Idaho courts refused to accept a criminal complaint against the prosecutor.  He alleged that the failure to file the criminal complaint violated his constitutional right to petition the government for redress of grievances.  *Complaint*, p. 6.

The allegations raised in the Complaint are based on claims Plaintiff raised in several previous lawsuits filed in the District of Idaho.  See *Ullrich v. Canyon County*, et al., CV99-291-S-BLW; *Ullrich v. Bond, et al.,* CV99-428-S-EJL; *Ullrich v. Canyon County Public Defender, et al.,* CV00-131-S-EJL; *Ullrich v. IDOC, et al.,* CV00-109-S-EJL; *Ullrich v. IDOC, et al.,* CV00-110-S-EJL; *Ullrich v. State of Idaho*, et al., CV00-256-S-EJL; *Ullrich v. State of Idaho, et al.,* CV00-309-S-EJL; *Ullrich v. State of Idaho*, et al., CV00-500-S-EJL; *Ullrich v. Canyon County Prosecutor, et al,* CV01-210-S-MHW; *Ullrich v. State of Idaho*, et al., CV01-436-S-MHW; *Ullrich v. Sonnen, et al.,* CV01-558-S-LMB; and *Ullrich v. State of Idaho, et al.*, CV02-323-S-MHW.

In the Court's Initial Review Order, Plaintiff was advised that he had unsuccessfully raised the same allegations in the present lawsuit through previous civil rights claims, state law claims, and a federal habeas petition, and that all of the actions had been dismissed.  *Docket No. 7*, p. 2.  Accordingly, the Court informed Plaintiff that he would not be authorized to proceed with the present civil rights Complaint against any of the named Defendants.  See *United States v. Sioux Nation*, 448 U.S. 371, 432, 100 S.

**ORDER  2**

Ct. 2716 (1980)("if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*); *McClain v. Apodacai,* 793 F.2d 1031, 1032-33 (9th Cir. 1986)(a court is permitted to examine the res judicata effect of prior judgments *sua sponte*); *see also Neitzke v Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989)(a claim may be dismissed as legally frivolous when it lacks an arguable basis either in law or in fact).

Plaintiff was further advised that re-filing of claims previously decided by the Court would result in a strike being issued against him pursuant to 28 U.S.C. § 1915(g). The Court then entered an Order dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for filing frivolous claims. *Docket No. 7*, p. 3.

Plaintiff filed a Notice of Appeal, challenging the dismissal of his Complaint. *Docket No. 12*. The appeal was dismissed on March 6, 2006 after the Court of Appeals construed Plaintiff's Motion for Inventory as a request for dismissal. *Docket No. 17*. The case was remanded back to the District Court, and Plaintiff's pending motions will now be addressed.

## II.

## DISCUSSION

It appears that Plaintiff's Petition for Compulsion was inadvertently docketed as a Motion, because upon review of the Petition, it is merely a request that the Court serve a set of Requests for Admission upon Defendants. Plaintiff's Requests for Admission were also docketed as a Motion, but it appears that Plaintiff was submitting a copy of the

**ORDER  3**

Requests for Admission for service upon Defendants.  Based on the dismissal of the Complaint, the Court did not serve the Complaint on Defendants, and they are not parties to this action.  If Plaintiff had been authorized to proceed against the Defendants, he would have been responsible to serve discovery requests directly on their counsel.  The Court does not become involved in discovery unless a dispute arises between the parties.

The Petition for Compulsion and the Requests for Admission were inadvertently construed to be motions, and the Court will deny them based on their incorrect characterization as motions.

Plaintiff's Motion for Inventory appears to be a request for a list of his pending motions.  The Court of Appeals construed the motion as a request for dismissal of the appeal, and the motion is moot because of the ruling by the Court of Appeal.

Plaintiff's final motion requests that he be given leave to attach an additional injunctive relief request.  The motion states that Plaintiff "does hereby bring allegation of wrongful conduct; as criminal complaint, against Virginia Bond, a fiduciary under color of law."  *Docket No. 15*, p. 2.  Plaintiff's motion also contains copies of several criminal statutes.  It appears Plaintiff is alleging that the prosecutor who filed criminal charges against him should be prosecuted for a crime.  He alleges that the prosecutor gave notice of intention to seek the death penalty against him, even though the prosecutor was aware that he suffered from a "diminished capacity and psychological disabilities."  *Id*., p. 7.

To the extent Plaintiff's motion is requesting reconsideration of the dismissal of his Complaint, the request is denied.  *See Kona Enterprises, Inc. v. Estate of Bishop*, 229

**ORDER  4**

F.3d 877, 890 (9th Cir. 2000)(a motion for reconsideration should not be granted unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law).  Plaintiff raised these same arguments in the many actions listed above.  Therefore, the Court will not authorize him to proceed with the Complaint against the named Defendants when the claims are clearly barred under the doctrine of res judicata.

Plaintiff is further advised that there is no constitutional right to have another person criminally prosecuted.  *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice.").  Therefore, Plaintiff's allegation that the criminal justice system violated his constitutional rights by failing to charge the prosecutor in his criminal case with a crime is a frivolous claim.   It is for reasons such as this that Plaintiff's prior lawsuits raising these types of allegations have been dismissed.

Plaintiff's Complaint was previously dismissed in this action for failing to set forth cognizable constitutional claims.  Plaintiff shall refrain from filing any further motions in this action.

**ORDER  5**

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Plaintiff's Petition for Compulsion (Docket No. 9) is DENIED.

2. Plaintiff's Requests for Admission (Docket No. 10) is DENIED.

3. Plaintiff's Motion for Inventory (Docket No. 11) is MOOT.

4. Plaintiff's Motion to Attach Additional Injunctive Relief Request (Docket No. 15) is DENIED.

5. Plaintiff shall not file any further post-dismissal motions in this action.

DATED: **June 6, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER  6**